Slip Op. 26-66

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| THE UNITED STATES, | : | |
| Plaintiff, | : | |
| | : | Before: Richard K. Eaton, Judge |
| v. | : | |
| | : | Court No. 24-00161 |
| FRANCO TIRE DISTRIBUTION, INC., | : | |
| Defendant. | : | |

## OPINION

[Granting Plaintiff the United States' Motion for Default Judgment.]

Dated: June 17, 2026

*Isabelle Aubrun*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Plaintiff the United States. With her on the brief were *Brett A. Shumate*, Assistant Attorney General, *Patricia M. McCarthy*, Director, and *Reginald T. Blades, Jr.*, Assistant Director. Of Counsel was *Brian Dublon*, Office of the Associate Chief Counsel, U.S. Customs and Border Protection.

Eaton, Judge: This is a civil penalty case brought by Plaintiff the United States ("Government"), on behalf of U.S. Customs and Border Protection ("Customs"), against Defendant Franco Tire Distribution, Inc. ("Franco"), a U.S. importer, for alleged negligent violations of 19 U.S.C. § 1592. Compl. ¶ 1, ECF No. 4. Jurisdiction is found under 28 U.S.C. § 1582(1).

Before the court is the Government's motion for default judgment. Pl.'s Mot. for Entry of Default J., ECF No. 26 ("Pl.'s Br."). For the following reasons, the court grants the motion and enters judgment against Franco in the amount of $55,882.98, plus interest as provided by law. *Id.* at 8-9.

## BACKGROUND

### I.        Civil Penalties Under Section 1592

Title 19 U.S.C. § 1592 penalizes material, false statements or material omissions in connection with the importation of merchandise into the United States:

> Without regard to whether the United States is or may be deprived of all or a portion of any lawful duty, tax, or fee thereby, no person, by fraud, gross negligence, or negligence—
>
> (A) may enter, introduce, or attempt to enter or introduce any merchandise into the commerce of the United States by means of—
>
> > (i) any document or electronically transmitted data or information, written or oral statement, or act which is material and false, or
> >
> > (ii) any omission which is material, or
>
> (B) may aid or abet any other person to violate subparagraph (A).

19 U.S.C. § 1592(a)(1). "There is no violation if the falsity or omission is due solely to clerical error or mistake of fact, unless the error or mistake is part of a pattern of negligent conduct." 19 C.F.R. pt 171, app. B(A). "A document, statement, act, or omission is material if it has the natural tendency to influence or is capable of influencing agency action including, but not limited to a Customs action regarding . . . determination of an importer's liability for duty (including . . . antidumping, and/or countervailing duty)." *Id.* app. B(B).

The statute establishes the maximum penalties for violations of section 1592(a). Where Customs determines that a violation has occurred due to negligence, as the Government alleges happened here, the statute limits the civil penalty to "an amount not to exceed . . . the lesser of . . . the domestic value of the merchandise, or . . . two times the lawful duties, taxes, and fees of which the United States is or may be deprived . . . ." 19 U.S.C. § 1592(c)(3).

Negligence, in the import context, means the failure of an importer of record, or its agent, to exercise reasonable care when, for example, completing entry paperwork with the information

necessary to allow Customs to "properly assess duties on the merchandise."[1] 19 U.S.C. § 1484(a) (providing that an "importer of record" or its agent "shall . . . us[e] reasonable care" when entering merchandise and completing an entry summary, "by filing with the Customs Service the declared value, classification and rate of duty applicable to the merchandise," so that Customs can, among other things, "properly assess duties on the merchandise").

In a penalty action based on the alleged negligent violation of section 1592, the Government "shall have the burden of proof to establish the act or omission constituting the violation." 19 U.S.C. § 1592(e)(4). Then, the burden shifts to the defendant to demonstrate a lack of negligence. *United States v. Ford Motor Co.*, 463 F.3d 1267, 1279 (Fed. Cir. 2006) ("Statutory negligence under § 1592, unlike common-law negligence, shifts the burden of persuasion to the defendant to demonstrate lack of negligence." (citing 19 U.S.C. § 1592(e)(4)). "That is, Customs has the burden merely to show that a materially false statement or omission occurred; once it has done so, the defendant must affirmatively demonstrate that it exercised reasonable care under the circumstances." *Id.*

---

[1]     According to Customs' regulations:

> A violation [of section 1592] is determined to be negligent if it results from an act or acts (of commission or omission) done through either the failure to exercise the degree of reasonable care and competence expected from a person in the same circumstances either: (a) in ascertaining the facts or in drawing inferences therefrom, in ascertaining the offender's obligations under the statute; or (b) in communicating information in a manner so that it may be understood by the recipient. As a general rule, a violation is negligent if it results from failure to exercise reasonable care and competence: (a) to ensure that statements made and information provided in connection with the importation of merchandise are complete and accurate; or (b) to perform any material act required by statute or regulation.

19 C.F.R. pt 171, app. B(C)(1).

## II.     The Government's Civil Penalty Claim Against Franco

By its complaint, the Government alleges that Franco negligently omitted material information when completing entry summaries for two entries of truck or bus tires from the People's Republic of China ("China"). Specifically, Franco omitted from the summaries the antidumping case number (A-570-040-000) and countervailing case number (C-570-041-000) that would have indicated to Customs that its entries of tires were subject to antidumping and countervailing duty orders.[2] As a result of these omissions, Franco failed to pay the estimated antidumping and countervailing duties on those entries at the time of importation. Compl. ¶¶ 31-37.

Following Customs' discovery of the omissions and its rejection of the entries, Franco corrected the entry summaries with the required case information and paid the amount of antidumping and countervailing duties owed, i.e., $27,941.49. *Id.* ¶ 25. Franco did not, however, pay the penalty demanded by Customs, which was equal to two times that amount, or $55,882.98. *Id.* ¶ 26.

The Government timely commenced this lawsuit.[3] Because Franco failed to appear, plead, or otherwise defend, default was entered against the company, pursuant to USCIT Rule 55(a). Clerk's Entry of Default (Mar. 20, 2025), ECF No. 18; *see also* USCIT R. 55(a) ("When a party

---

[2]      On February 15, 2019, the U.S. Department of Commerce published antidumping and countervailing duty orders on truck and bus tires from China, with rates of 2.83% *ad valorem* and 42.16% *ad valorem*, respectively. Compl. ¶¶ 9, 21-22. Both orders cover tires with a truck or bus size designation, including certain merchandise classifiable under subheading 4011.20.1015 of the Harmonized Tariff Schedule of the United States. *Id.* ¶¶ 9 (citing 84 Fed. Reg. 4,436 (antidumping duty order); 84 Fed. Reg. 4,434 (countervailing duty order)), 18.

[3]      This suit was commenced one day before the fifth anniversary of the earlier of the two alleged violations. *See* Compl. ¶ 17 (filed on August 20, 2024, alleging violations occurred on August 21, 2019, and October 2, 2019); *see also* 19 U.S.C. § 1621(1) ("[I]n the case of an alleged violation of section 1592 or 1593a of this title, no suit or action . . . may be instituted unless commenced within 5 years after the date of the alleged violation.").

against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").

The Government now moves for a default judgment on its penalty claim, pursuant to USCIT Rule 55(b), in the amount of $55,882.98 (two times the value of the potential loss of revenue), plus pre- and post-judgment interest pursuant to 28 U.S.C. § 1961. Pl.'s Br. at 9.

## STANDARD OF REVIEW

"Notwithstanding any other provision of law, in any proceeding commenced by the United States in the Court of International Trade for the recovery of any monetary penalty claimed under [section 1592] . . . all issues, including the amount of the penalty, shall be tried de novo." 19 U.S.C. § 1592(e)(1). Moreover, "if the monetary penalty is based on negligence, the United States shall have the burden of proof to establish the act or omission constituting the violation, and the alleged violator shall have the burden of proof that the act or omission did not occur as a result of negligence." *Id.* § 1592(e)(4); *see also United States v. Rago Tires, LLC*, 49 CIT __, __, 804 F. Supp. 3d 1357, 1361 (2025) (on a motion for default judgment in a civil penalty action, "the court conducts an independent review to determine whether the well-pleaded facts establish a violation of section 1592, and if so, the penalty amount to impose").

## DISCUSSION

USCIT Rule 55 governs this Court's procedures for entering a judgment against a defaulting defendant. First, the plaintiff must apply to the Clerk of the Court for an entry of default. Plaintiff's application must include an affidavit demonstrating that the "party against whom a

judgment for affirmative relief is sought has failed to plead or otherwise defend." USCIT R. 55(a). Default was entered in this case on March 20, 2025. *See* Entry of Default.

Following entry of default, the plaintiff must then apply to the court for a default judgment. USCIT R. 55(b). USCIT Rule 55(b) mandates that "[w]hen the plaintiff's claim is for a sum certain or for a sum that can be made certain by computation, the court – on the plaintiff's request with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing."

It is worth repeating that, to carry its burden here, the Government must show that a material omission occurred. *See* 19 U.S.C. § 1592(e)(4) ("[I]f the monetary penalty is based on negligence, the United States shall have the burden of proof to establish the act or omission constituting the violation . . . ."); *see also* 19 C.F.R. pt 171, app. B(C)(1). ("As a general rule, a violation is negligent if it results from failure to exercise reasonable care and competence . . . to ensure that statements made and information provided in connection with the importation of merchandise are complete and accurate; or . . . to perform any material act required by statute or regulation."). "[O]nce [the Government] has done so, the defendant must affirmatively demonstrate that it exercised reasonable care under the circumstances." *Ford Motor Co.*, 463 F.3d at 1279. "[T]he alleged violator shall have the burden of proof that the act or omission did not occur as a result of negligence." 19 U.S.C. § 1592(e)(4). "A defendant who defaults thereby admits all well-pleaded factual allegations contained in the complaint." *United States v. Green Planet, Inc.*, 45 CIT __, __, 494 F. Supp. 3d 1356, 1358 (2021) (first citing *United States v. NYCC 1959, Inc.*, 40 CIT 1240, 1240, 182 F. Supp. 3d 1346, 1347 (2016); then citing *United States v. Deladiep, Inc.*, 41 CIT __, __, 255 F. Supp. 3d 1326, 1336 (2017)).

"The defaulting party's admission of liability for all well-pleaded facts, however, does not also function as an admission of damages." *Id.* (first citing *United States v. Freight Forwarder Int'l, Inc.*, 39 CIT 45, 48, 44 F. Supp. 3d 1359, 1362 (2015); then citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)); *Deladiep*, 255 F. Supp. 3d at 1336. "Thus, when considering a motion for default judgment, the court accepts as true all well-pleaded facts in the complaint, but must reach its own legal conclusions." *Green Planet, Inc.*, 45 CIT at __, 494 F. Supp. 3d at 1358 (first citing *United States v. Callanish, Ltd.*, 37 CIT 462, 464 (2013) (not published in Federal Supplement); then citing *United States v. Scotia Pharms. Ltd.*, 33 CIT 638, 642 (2009) (not published in Federal Supplement)).

Because the complaint and supporting evidence establish Franco's liability for negligent violations of section 1592, the court grants the Government's motion for default judgment. In addition, because the amount of the civil penalty is a sum certain and within the statutory limit for such violations, i.e., twice the amount of lawful duties that were owed at the time of importation, judgment will be entered against Franco for $55,882.98 plus interest as provided by law.

The Government's motion for default judgment is supported by the Declaration of Lacquishia N. Williams, an Import Specialist, and attached exhibits. Decl. Williams (Oct. 2, 2025), ECF No. 26-2. Based on the declaration and exhibits, the court finds that the Government has adequately alleged the following facts and circumstances.

On or about August 21, 2019, through on or about October 2, 2019, Franco "entered or introduced and/or attempted to enter/introduce and/or caused the entry/introduction into the commerce of the United States two entries of uncovered truck and bus tires . . . purchased from GMIFIC Corporation Limited, in Qingdao, China." *Id.* ¶ 3. On October 17, 2019, Customs discovered that Franco had imported tires manufactured in China "without declaring the

antidumping case (A-570-040-000) and countervailing case (C-570-041-000), and without paying the required [antidumping duty] cash deposit of 2.83% and [countervailing duty] cash deposit of 42.16%." *Id.* ¶ 4. When Customs brought the omission to Franco's attention, Franco "corrected the summaries and paid the appropriate cash deposits for the two entries on November 17, 2019, and February 19, 2020, for a total of $27,941.49." *Id.* ¶ 7.

Customs then determined that it "suffered a total potential loss of revenue in the amount of $27,941.49," and issued a pre-penalty notice to Franco "proposing a $55,882.98 penalty under 19 U.S.C. § 1592(a) at the culpability level of negligence." *Id.* ¶¶ 7, 9. Under Customs' regulations, "[a] potential loss of duty occurs where an entry remains unliquidated and there is a loss of duty, including any . . . anti-dumping or countervailing duties . . . attributable to a violation of section 592, but the violation was discovered *prior to liquidation*." *See* 19 C.F.R. pt 171, app. B(D)(4) (emphasis added). Customs asserts that a potential loss of duty occurred when Customs discovered Franco's omission in its entry summaries and the omission was corrected prior to liquidation. Decl. Williams ¶ 7.

Customs' proposed penalty amount ($55,882.98) represented two times the value of the potential loss of revenue—an amount that was lower than the domestic value of the subject tires at the time of their importation, which according to the declaration was $130,021.20. *Id.* ¶ 8. On May 4, 2022, Customs issued a notice of penalty in the amount of $55,882.98. *Id.* ¶ 9.

On September 1, 2022, Franco, through its counsel, submitted a Petition for Remission or Mitigation from Penalty to Customs, citing as mitigating circumstances its relative inexperience as a "fledgling in the industry" and the difficulty presented by changing tariffs and levies in the trade war with China during the period when the two entries were made. Decl. Williams Ex. M, at Franco-Appx98-99. In response, Customs reduced the penalty to $27,941.49. *Id.* ¶ 9.

On March 25, 2024, Customs granted Franco a 15-day extension to pay the mitigated amount. *Id.* When that period expired, and no payment had been made, Customs demanded payment of the full penalty amount, i.e., $55,882.98. *Id.*

The Government's uncontested assertions demonstrate that Franco entered merchandise into the commerce of the United States by means of an omission that was material, i.e., negligently. Specifically, at the time of entry, Franco's two entry summaries did not state the numbers of the antidumping and countervailing duty cases that covered the imported tires. The case numbers, had they been included in the summaries, would have indicated to Customs that the tires were subject to antidumping and countervailing duties at the rates of 2.83% *ad valorem* and 42.16% *ad valorem*, respectively.

There can be little doubt that the omitted information was material. That is, the antidumping and countervailing duty case numbers omitted by Franco from the entry summaries had "the natural tendency to influence or [were] capable of influencing" Customs' action regarding "determination of an importer's liability for duty (including . . . antidumping, and/or countervailing duty)." 19 C.F.R. pt 171, app. B(B).

Moreover, the discovery of the omission, by Customs, prior to liquidation, and Franco's correction of the error and payment of the duties owed, resulted in a "potential loss" of revenue in the amount of $27,941.49 (the estimated antidumping and countervailing duties owed at the time of entry). *See* 19 C.F.R. pt 171, app. B(D)(4).

The Government having shown that a material omission occurred, the burden shifted to "the defendant . . . [to] affirmatively demonstrate that it exercised reasonable care under the circumstances." *Ford Motor Co.*, 463 F.3d at 1279; *see also* 19 U.S.C. § 1592(e)(4) ("[T]he alleged violator shall have the burden of proof that the act or omission did not occur as a result of

negligence."). By defaulting, Franco has failed to carry its burden of establishing that the act or omission was not negligent. *See Green Planet, Inc.*, 45 CIT at \_\_, 494 F. Supp. 3d at 1358 ("A defendant who defaults thereby admits all well-pleaded factual allegations contained in the complaint.").

Thus, because Franco violated section 1592(a) through the negligent omission of material information, and the potential loss of $27,941.49 in antidumping and countervailing duties is attributable to that negligent violation of the statute, the court finds that the Government is entitled under the law to impose a civil penalty on Franco. The court next turns to the amount of the penalty.

When a negligent violation of the statute has occurred, the statute limits the civil penalty to "an amount not to exceed . . . the lesser of . . . the domestic value of the merchandise, or . . . two times the lawful duties, taxes, and fees of which the United States is or may be deprived . . . ." 19 U.S.C. § 1592(c)(3). According to the Declaration of Ms. Williams, the amount of the penalty sought by Customs, $55,882.98, equals two times the value of the potential loss of revenue, $27,941.49. This amount is lower than the domestic value of the subject tires at the time of their importation, i.e., $130,021.20. Decl. Williams ¶ 8. Thus, the amount of the civil penalty is lawful and supported by evidence.

Because (1) the Government's allegations establish Franco's liability as a matter of law, and (2) the Government's penalty claim "is for a sum certain or for a sum that can be made certain by computation," the court therefore must enter judgment against Franco. USCIT R. 55(b); *see also NYCC 1959, Inc.*, 40 CIT at 1241, 182 F. Supp. 3d at 1347.

As Franco has defaulted, it raises no equitable claim, argument, or factual allegations supportive of a lesser penalty amount. Judgment shall therefore be entered for the penalty as claimed, plus post-judgment interest, computed in accordance with 28 U.S.C. § 1961(a)-(b), and

costs. *See* USCIT R. 55(b) (requiring the entry of judgment for the plaintiff, plus costs, when the plaintiff's claim is for a sum certain against a competent defendant who has been defaulted for not appearing).

## CONCLUSION

Based on the foregoing, the Government's motion for default judgment against Franco for a negligent violation of 19 U.S.C. § 1592(a) is granted. Judgment shall be entered in the amount of $55,882.98, plus post-judgment interest computed in accordance with 28 U.S.C. § 1961(a)-(b), and costs.

    /s/ Richard K. Eaton   
Judge

Dated: June 17, 2026
      New York, New York